the only criminal cases where the which case is the government the appellant in this case pardon me is the government the appellant in this case yes your honor right yeah go ahead thank you your honor you know uh and shale on behalf of the united states detective gonzales in this case the arresting officer reasonably conveyed the defendant's warnings to him at the time of the defendant's arrest as required under duckworth v. egan the written advice of rights form tracks miranda exactly except for one section of it with regard to the payment and obtaining an attorney i'm sorry you're referring to what now the written the written advice of rights form the written advice of rights form has a portion on it which is titled tribal wherein it indicates that if uh it is a tribal case a defendant would have to pay for an attorney at his own expense the written advice of rights form then goes on to indicate that if the case is going to federal court that he would receive an attorney by would be appointed by the court and would be for free after i think we would have been fine if we had if he had stuck with the written warning but the oral warning sort of confused the issue didn't it i would disagree i think that the oral warning explained the written warning because at that time then detective gonzales explained to the defendant that because he was a tribal member the tribe would pay for a tribal attorney in tribal court then he explained that tribal court a federal court then he indicated initially indicated that if he because he was a tribal member he would get a tribal a free tribal attorney then he indicated to the defendant that in federal court he would receive an attorney appointed by the federal court or by the court so he was told he would receive a free attorney the issue is whether or not he would have to contact that attorney and detective gonzales told him in tribal court he would have to contact the attorney in federal court he would not after the defendant read the written warnings detective gonzales as i said read them to him and then further explained the tribal portion of those rights detective gonzales explained that he after they finished reading the rights together just detective gonzales asked the defendant if he had any questions but while he was going through the rights after each right he asked the defendant if he understood that right and the defendant indicated that he did they went over the waiver portion of the rights form wherein the defendant agreed to waive his rights he indicated on the way written waiver that he understood his rights and he wished to waive them he indicated that he did not want a lawyer at that time the defendant detective gonzales then asked the defendant if he was willing to speak with him and the defendant indicated that he had a question particularly what he would be charged with and again the defendant was told that he would be facing tribal charges and federal charges that at that time the defective detective asked him if he wished to be interviewed and he indicated that he did he indicated that he would let him know what he know is it shiel or shell it's shale shale any way you want to pronounce it it's fine miss shale uh the areas of confusion that seemed to come through the record to me was was the question number one who had to find the lawyer whether it would be free or not free or whatever but did he have to go out and get his own lawyer or would a lawyer be provided and come visit him in jail or whatever who who who had the burden of getting a lawyer who had that responsibility and number two uh was it clear that he would have a lawyer appointed to represent him before he had to undergo the questioning or did he have to go undergo the questioning first i believe the advice of rights form and the discussion on record is that he understood he had the right to an attorney at that point and he had signed the waiver where he indicated he did not want an attorney at this time the written waiver portion which can be found on page 128 of the excerpts of record i do not want an attorney at this time okay and you say that was not confused at all by the interview that occurred along with time this form assigned the timing of when he would get the lawyer was not in question under both of those rights he had the attorney at the time of questioning and that's what the rights indicate the issue is whether or not he would have to contact that lawyer the government's position is that was not confusing for this defendant under the totality of the circumstances in this case and that these rights reasonably conveyed his Miranda rights to him yeah but i think in the questioning he was explained to him that if he were going to end up in federal court an attorney would be furnished him free of that i think it still wasn't clear whether he would have to look for it or not but if he were to end up charged in tribal court then he would have to get his own attorney the burden was upon him to get his own attorney that's correct but i think under the conversation that detective gonzales had with him it was clear that he was facing both charges and additionally the record indicates that the defendant knew the fbi was present during his arrest participated in the search of the house where he was found the defendant had been through tribal court before and understood those rights he the only issue is whether he understood his Miranda rights and based on duckworth the government's position is that these rights reasonably conveyed them under the circumstances of this case counsel at the record page 131 um uh when the defendant was asked understanding these rights would you be willing to talk to me about this about what we need to the defendant said i don't know i mean i don't even know what i'm being charged with right now so that to me expresses some confusion regarding you know in his mind it was important to know whether he was charged with a tribal crime or a federal crime so that he could sort out exactly where he stood in terms you know of um the attorney and then the agent said well let me tell you what you're possibly facing charges of either aggravated assault or endangerment not specifying whether it was a tribal charge or federal charge and to me that sort of furthered the confusion on the record regarding the Miranda rights well he does indicate later in that um on page 131 line 24 he says that's tribally and then later he said federally there may be some charges too so he never really clarified for this defendant keep it in mind that it's the obligation of the officer to clarify the rights so that the waiver is knowing and intelligent it appears it appears to be pretty jumbled i understand that the issue though in this case is that detective gonzales explained the fact that he was facing two he could be facing two different entities of charges in tribal court and in federal court at that point he was not charged with anything it was right after his arrest and he had not i think you're right i mean factually uh there was nothing wrong with what you know the the detective said in the sense that the the detective didn't know whether he'd be charged tribally or federally right it's not it's not his choice to make and so i suppose he was trying to give them both warnings the problem though is that the warnings are not entirely consistent uh i don't know if this case has come up in arizona before but uh uh has there been some to you know to sort of uh you know coordinate with the with the tribal police to you know have a single warning there this isn't in the record but i can tell the court that this happens quite often as the court's aware we have several reservations in our district um indian reservations are separate sovereignty they have rights under the indian civil rights act that was passed by congress they have the right to read those warnings those warnings are different than miranda um but i my argument is based on the circumstances of this case this defendant uh or a defendant in a similar position was not confused by these and that these right you know as you know uh judge bolton uh thought this case was controlled by was that the san juan cruise right thought it was very very very very very close uh and why isn't it it seems to me to be pretty similar in terms of the confusion in the warnings but your honor in san juan cruise they found that the wording was affirmatively misleading in san juan cruise i don't believe the language in this case is affirmatively misleading additionally in san juan cruise the court indicated that based on the face of those there was more behind the face of the warnings um that if the agent in san juan cruise had clarified those warnings for the defendant that that would have been sufficient to convey those miranda warnings to the defendant and that's what happened in this case the agent did as best he could to clarify those warnings to the defendant and so my my position is that this case is uh distinguishable from san juan cruise based on that and additionally uh again the standard in this case is whether those rights are reasonably conveyed and if there's no other questions i'd like to reserve some time for a question now please the court my name is tom hoytle and court appointed counsel for jesse harrison in the district court in here in this case uh the judge bolton did in fact follow the uh san juan cruise case in which the court said this court said that warnings if warnings inconsistent with miranda were given simultaneously with the miranda warning then the onus was on the government to clarify and make clear that what the defendant's fifth amendment rights were the warnings in this case were clearly inconsistent with miranda the tribal warnings were inconsistent first of all the written warning said that that um mr harrison had a right to an attorney at his own expense the um oral warning that that um detective gonzalez gave was that the attorney who is quote basically free but that he would have to make contact with that attorney on his own and then the federal warning was and i disagree with the government and in its uh uh statement that that the the federal warning was adequate in this case if the offense is to be tried in federal court uh a and you cannot afford an attorney the court will uh appoint one at no that was the federal the the what was uh on the written warning and similar to what to what uh uh detective gonzalez said he said however that that what would happen was that the court would appoint uh an attorney for for him i would say inadequate pardon it's inadequate as a federal well the problem with it is and judge bolton did make a finding on it in her uh opinion um that the uh would not know whether the attorney was to be at his own expense was basically free had to be contacted by him or would be appointed by the government prior to questioning because in dickerson versus the united states most recent uh supreme court decision or a recent supreme court decision on the miranda uh warning the court said that the the four fundamental warnings included the right to the presence of an attorney which the government argues and also the right that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires so your quarrel with that warning is that he was not told he had the right to an attorney before questioning that's correct that's correct your honor he was never told in the warnings here which is different from san juan cruz the san juan cruz miranda warnings were adequate in this situation the miranda warning was not adequate because he was never told that an attorney could be appointed for him prior to any questioning if he so desired and furthermore he was in tribal custody at that particular time uh being interrogated by a tribal officer so the the inference would be he would not have an a right to have an attorney appointed for him even if there were federal charges prior to that questioning because he was not in federal custody and that the the attorney uh the court appointed attorney would only come from the federal court when he was in federal custody mr keeney i don't think that answered uh miss shale says the written form says uh i do not want an attorney at this time right that and it appears to be nothing in the record that uh changes that he just simply was not told later on by the way if you need an attorney one will be appointed for you before the questioning and you would be entitled to an attorney at this time but he'd already said i do not want an attorney at this time the problem is he was never told he could have one at that time before any questions says oh i see he says he doesn't want one but the form never says you could have one if you wanted one prior to questions i don't want he answers something that hasn't been told him at that point well the problem is that the warnings given to him never told him you have a right to have an attorney appointed prior to any questioning if he can bootstrap his uh his answer to include that what you're saying is that that's not a knowing waiver because all the conditions of appointment were not explained to him that's that's correct before questioning the court will find and so forth right that's that's correct and and the government's argument here is that the clarification was that the the officer told uh uh harris harris mister harrison the difference between tribal court and and federal court well i don't disagree with that but that's not the point the point is to convey to uh the accused the basic miranda warnings as stated in dickerson and that's what wasn't done in this case and that's what judge bolton found that it would be impossible for the accused to know what his rights were at that point whether it was a basically free attorney an attorney at his own expense whether he would have to contact that attorney and whether he had the right to have that attorney uh present before any questioning that's the problem with the government's argument that that uh um the clarification here was was uh sufficient um the one one other point on san juan cruz the clarification that this court talked about in san juan cruz the court mentioned the fact that that um the the officer in san juan cruz never told the defendant there to ignore the administrative rights well that that type of clarification is what the court was i would submit is talking about in san juan cruz to ignore in this situation ignore what i said on the tribal rights because your federal rights are you have a right to appointed counsel before any questioning that detective gonzalez never never uh stated to uh does not uh allege that he did and it's that kind of that kind of clarification which i submit the court was concerned with in san juan cruz not not a simply a making a distinction between what tribal rights are and what federal rights are if you go all the way back to this court's cases in mendiola and connell and mendiola was one where it was in saipan and there were local rights and and uh and in those cases the distinction was made between what were local rights and what were federal rights but that was not held sufficient to to uh convey to the defendant clearly and unambiguously as fifth amendment rights the court doesn't have any further questions i'll all right thank you roboto yes your honor just briefly um i would disagree that the warnings the marana warnings in this were not sufficient these warnings are remarkably similar to those in duckworth in duckworth there was a question about uh the warnings indicated that the defendant had the right to an attorney before and during questioning to have a right had the right to an attorney even if he couldn't afford one the warning also went on to indicate that we have no way of giving you a lawyer but one will be appointed to you or for you when you go to court counsel where in this case was defendant told he had a right to an attorney prior to questioning your honor in the in the miranda warnings it indicates that you have a number three again on page 128 of the excerpt of record it indicates you have the right to talk to an attorney and to have your attorney present during questioning the only difference was with regard to how that attorney would be obtained based on the totality of the circumstances in this case the defendant's right to appointing counsel was reasonably conveyed to the defendant and we ask this court to reverse the district court's order of suppression thank you thank you we thank both counsel case is now submitted for versus janice chapter seven trustee adversary
judges: Thompson, Tashima, Rawlinson